JOSHUA Z. FELDMAN, Bar No. 199207
Email: jfeldman@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

JENNY BURKE, Bar No. 240643
Email: jburke@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
Telephone: 949.705.3000
Fax No.: 949.724.1201

Attorneys for Defendant
GIMBAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONI HANCOCK, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>GIMBAL, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM LOS ANGELES COUNTY SUPERIOR COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(A)(1), 1441, AND 1446 [DIVERSITY JURISDICTION]**<br><br>[LASC Case No. 20STCV46068]<br><br>Complaint Filed: December 2, 2020 |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF TONI HANCOCK, AND PLAINTIFF'S ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendant GIMBAL, INC. ("Defendant") hereby removes the above-entitled action, Case No. 20STCV46068, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") based upon complete diversity of citizenship.

Defendant makes the following allegations in support of its Notice of Removal:

## JURISDICTION [LOCAL RULE 8-1]

1. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein the amount in controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."  As set forth below, this case meets all of Section 1332's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Los Angeles.  Thus, removal to the Central District of California is proper pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).

## PLEADINGS, PROCESS AND ORDERS

3. On December 2, 2020, Plaintiff TONI HANCOCK filed a Complaint in the Superior Court of the State of California, County of Los Angeles, styled *TONI HANCOCK, an individual; Plaintiff, v. GIMBAL, INC., a Delaware corporation; and*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

2.
NOTICE OF REMOVAL

*DOES 1-50, inclusive, Defendants,* bearing Case No. 20STCV46068 (the "Complaint"). The Complaint asserts the following eleven causes of action: (1) Sex Discrimination (Pregnancy) (*Cal. Gov't Code §12940(a)*); (2) Gender Discrimination (*Cal. Gov't Code §12940(a)*); (3) Actual and/or Perceived Disability Discrimination (*Cal. Gov't Code* §12940(a); (4) Failure to Take All Reasonable Steps to Prevent Discrimination (*Cal. Gov't Code §12940(k)*); (5) Retaliation for Requesting a Reasonable Accommodation (*Cal. Gov't Code* §12940(m)(2)); (6) Failure to Accommodate (*Cal. Gov't Code* §12940(m)(1), 12945(a)); (7) Failure to Engage in the Good Faith Interactive Process (*Cal. Gov't Code* §12940(n)); (8) Violation of the Pregnancy Disability Leave Law (PDLL) (*Cal. Gov't Code* §12945); (9) Wrongful Termination in Violation of Public Policy; (10) Failure to Timely Produce Personnel File and Records (*Cal. Labor Code* §§432, 1198.5); (11) Failure to Timely Produce Payroll Records (*Cal. Labor Code* §226).

4.   On December 4, 2020, Defendant was served with the Complaint and related service documents including, a copy of the Summons, Civil Case Cover Sheet, Notice of Case Assignment, LASC First Amended General Order, Voluntary Efficient Litigation Stipulations, and ADR Information Packet via personal service of its registered agent for service of process. True and correct copies of all documents served on Defendant are attached hereto as **Exhibit "A"** to the Declaration of Jenny Burke (hereinafter, "Burke Declaration").

5.   On December 23, 2020, Defendant filed its Answer to the Complaint in the Superior Court of the County of Los Angeles. A true and correct copy of Defendant's Answer is attached as **Exhibit "B"** to the Burke Declaration.

6.   According to the Los Angeles Superior Court Register of Actions for the above referenced matter, on December 10, 2020, the Clerk of the Court filed a Notice of Case Management Conference. A true and correct copy of the Notice of Case

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3.
NOTICE OF REMOVAL

Management Conference obtained directly from Los Angeles Superior Court is attached as **Exhibit "C"** to the Burke Declaration.

7. On December 23, 2020, Plaintiff's counsel served a Notice of Change of Address on Defendant through its counsel. A true and correct copy of the Notice of Change of Address is attached as **Exhibit "D"** to the Burke Declaration.

8. On December 24, 2020, Plaintiff's counsel electronically served a Notice of Case Management Conference on Defendant through its counsel. A true and correct copy of the Notice of Case Management Conference is attached as "**Exhibit E**" to the Burke Declaration.

9. On December 24, 2020, Plaintiff's counsel electronically served a Notice of Jury Fee Deposit on Defendant through its counsel. A true and correct copy of the Notice of Jury Fee Deposit is attached hereto as "**Exhibit F**" to the Burke Declaration.

10. Pursuant to 28 U.S.C. section 1446(a), the attached Exhibits A - F, constitute all process, pleadings and orders served upon Defendant or filed or received in this action by Defendant.

## TIMELINESS OF REMOVAL

11. Plaintiff served the Summons and Complaint via personal service on Defendant's designated agent for service of process on December 4, 2020. Burke Decl. ¶3;

12. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Defendant was served with the Summons and Complaint and within one year after commencement of this action.

## BASIS FOR REMOVAL
## DIVERSITY JURISDICTION PURSUANT TO SECTION 1332

13. Section 1332(a) provides, in relevant part, as follows:

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

4.
NOTICE OF REMOVAL

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

14. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to Section 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. DIVERSITY OF CITIZENSHIP IS MET

15. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's allegations are silent as to her current domicile. However, Plaintiff's last known address is located in Glendale, California. Defendant has conducted a diligent investigation, and based on public records, Plaintiff's public social media, and her position as an Operations Director at a Pasadena based law firm (according to the firm website), is informed and believes that further investigation and discovery will confirm that Plaintiff remains a resident of California and was domiciled in California as of the filing of the complaint. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

5.

NOTICE OF REMOVAL

16.  Defendant was, at the time of filing this action, and still is, a corporation incorporated under the laws of Delaware.  Defendant's principal place of business is in Ohio.  Defendant is therefore not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than that of Plaintiff.

17.  For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business.  28 U.S.C. §1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 81; 130 S. Ct. 1181, 1186; (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' (Citations omitted.)."

18.  As of the time of filing, Defendant's principal place of business was and is located in Granville, Ohio.  Though Defendant has offices in Ohio, New York, and California, and a presence in Florida and Minnesota, most of Defendant's executive and administrative functions are located in the State of Ohio.  Most high-level decisions that impact the direction, coordination, and control of Defendant's operations are made by Defendant's President (in Ohio) and Chief Executive Officer (in Florida).  The CEO is the only officer or board member located in Florida.  As of the time of filing, the Ohio-based President was also Chairman of the Board. (Three additional board members are located in Florida, Minnesota, and California.)  The Chief Operating Officer and Chief Marketing Officer is located in Ohio.  The Controller is located in Ohio.  The only officers located in California are the Chief Product Officer and the General Counsel.  The Chief Revenue Officer is located in New York.  The Chief Financial Officer is located in Minnesota.  All California employees report to someone based in either Ohio, New York, or Florida, with the majority reporting to officers in Ohio.  In *Hertz*, the Supreme Court acknowledged

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

6.

NOTICE OF REMOVAL

that under the nerve center test there may be "hard cases" when corporations "divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet." *Id*. at 1194. The court should nonetheless look "toward the center of overall direction, control and coordination." *Id*. at 1194. While Defendant's officers are spread out across the country, it is clear that the center of activity (i.e., direction, control and coordination) is in the State of Ohio. Thus, Defendant's principal places of business is in the State of Ohio, and it is therefore a citizen of the States of Delaware and Ohio for the purpose of determining diversity of citizenship.

19. The Complaint names as defendants "DOES 1 -50, Inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

20. As more fully set forth below, the amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

**B.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**

21. Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and her prayer for relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy.")   In addition, Plaintiff has specifically demanded an amount above the jurisdictional limit to settle her claims.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7.

NOTICE OF REMOVAL

22. Plaintiff seeks general and special damages in an amount to be proven at trial, punitive damages, as well as interests and costs and attorneys' fees. (Burke Decl. ¶2, Ex. A, Complaint at p. 26, Prayer for Relief.) Plaintiff alleges she has "suffer[ed] actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained." (Burke Decl. ¶2, Ex. A, Complaint at ¶61; See also, ¶¶69, 79, 86, 94, 106, 116, 132, 138.)

23. Plaintiff's base salary while employed at Gimbal was more than $75,000. Although Defendant denies Plaintiff is entitled to recover any damages, assuming, *arguendo*, that Plaintiff was awarded just one year of back pay, the amount of back pay in controversy in this case would exceed the jurisdictional amount. In addition, to the extent Plaintiff seeks future damages or front pay as a result of the alleged wrongs by Defendant, such awards in California often span several years. *See, Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years).

24. Plaintiff also seeks emotional distress damages, alleging she "did suffer and continues to suffer emotional and mental distress" and "is informed and believes…that some, if not all, of the injuries are reasonably certain to be permanent in character." (Burke Decl. ¶2, Ex. A, Complaint ¶62; See also, e.g., ¶¶70, 80, 87, 95, 107, 117, 133, 139.) Emotional distress damages are properly considered when determining the amount in controversy, even when a specific amount is not clearly pled in the Complaint. *Simmons v. PCR Technology* 209 F.Supp.2d 1029, 1034. The Court may consider emotional distress damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Jury awards of hundreds of thousands of dollars (and more) for non-economic damages have been upheld in cases involving allegations of discrimination, and/or retaliation. *See, e.g., Velez v. Roche*,

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

8.

NOTICE OF REMOVAL

335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination, retaliation, and harassment cases awarding emotional distress damages.)

25. Attorneys' fee awards in FEHA cases can be sizeable. *See, e.g., Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award). Other California courts have upheld large attorneys' fee awards in FEHA cases. *See Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorney's fees and costs of $891,042); *Mangold v. California Public Utilities Comm'n,* 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA and ADEA case where plaintiffs' damages awards were significantly less). Attorneys' fees are properly taken into account in determining the amount in controversy. *Goldberg v. C.P.C. Int'l, Inc.,* 678 F. 2d 1365, 1367 (9th Cir. 1982). Thus, Plaintiff's demand for attorneys' fees further increases the amount in controversy.

26. Moreover, Plaintiff seeks punitive damages. (Burke Decl. ¶2, Ex. A., Complaint at Prayer for Relief, See also, ¶¶64, 72, 82, 89, 97, 109, 119, 135, 140.) The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons, supra*, 209 F. Supp. 2d at 1033. In *Aucina v. Amoco Oil, Co.*, 871 F. Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

9.
NOTICE OF REMOVAL

discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Although Defendant vigorously denies Plaintiff's allegations, including her alleged damages, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum.

27. In sum, although Defendant does not concede Plaintiff's claims have any merit, Plaintiff's Complaint makes certain that the amount in controversy for Plaintiff's claims more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

28. The amount in controversy is further confirmed by the fact that in February 2020 Plaintiff demanded a six-figure sum to resolve claims "arising out of her employment including but not limited to sex/pregnancy discrimination, disability discrimination, Gimbal's failure to accommodate a disability, intentional infliction of emotional distress, and wrongful termination." Plaintiff's demand claimed to be "conservative" and addressed only lost wages and emotional distress, both of which she valued at more than $100,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims (citations omitted)." *Cohn v. Petsmart, Inc*. 281 F.3d 837, 840 (9th Cir. 2002).

29. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

### NOTICE TO STATE COURT AND PLAINTIFF

30. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing

will be given to Plaintiff's counsel, Jared M. Irmas, Esq., Irmas Law APC, A Professional Corporation. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: December 28, 2020

Respectfully submitted,

*/s/ Jenny Burke*
JOSHUA Z. FELDMAN
JENNY BURKE
LITTLER MENDELSON, P.C.
Attorneys for Defendant GIMBAL, INC.

4832-7533-6404.1 095225.1006

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

11.

NOTICE OF REMOVAL