# EXHIBIT A

# EXHIBIT A

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Randolph Hammock

1  Jared M. Irmas, Esq. (SBN 297246)
   **IRMAS LAW APC**
2  A Professional Corporation
3  21031 Ventura Blvd. Suite 1000
   Woodland Hills, CA 91364
4  Telephone:    (818) 441-4130
   E-mail: jared@irmaslaw.com
5
6  Attorney for Plaintiff
   TONI HANCOCK, an individual
7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9    **FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

10

11 TONI HANCOCK, an individual;          Case No.: 20STCV46068

12                Plaintiff,              **COMPLAINT FOR DAMAGES:**

13     v.                                 1.  **SEX DISCRIMINATION**
                                              **(PREGNANCY)**
14 GIMBAL, INC., a Delaware corporation; and   (Cal. *Gov't Code* § 12940(a))
15 DOES 1-50, inclusive.                  2.  **GENDER DISCRIMINATION**
                                              (Cal. *Gov't Code* § 12940(a))
16                Defendants.
                                          3.  **ACTUAL AND/OR**
17                                            **PERCEIVED DISABILITY**
                                              **DISCRIMINATION**
18                                            (Cal. *Gov't Code* § 12940(a))
19
                                          4.  **FAILURE TO TAKE ALL**
20                                            **REASONABLE STEPS TO**
                                              **PREVENT DISCRIMINATION**
21                                            (Cal. *Gov't Code* § 12940(k))
22                                        5.  **RETALIATION FOR**
                                              **REQUESTING A**
23                                            **REASONABLE**
                                              **ACCOMMODATION**
24                                            (Cal. *Gov't Code* § 12940(m)(2))
25                                        6.  **FAILURE TO**
                                              **ACCOMMODATE**
26                                            (Cal. *Gov't Code* §§ 12940(m)(1),
                                              12945(a))
27
28

                              1
                          **COMPLAINT**

7. **FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS** (Cal. *Gov't Code* § 12940(n))

8. **VIOLATION OF THE PREGNANCY DISABILITY LEAVE LAW (PDLL)** (Cal. *Gov't Code* § 12945)

9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

10. **FAILURE TO TIMELY PRODUCE PERSONNEL FILE AND RECORDS** (Cal. *Labor Code* §§ 432, 1198.5)

11. **FAILURE TO TIMELY PRODUCE PAYROLL RECORDS** (Cal. *Labor Code* § 226)

**DEMAND FOR JURY TRIAL**

Plaintiff, TONI HANCOCK (hereinafter referred to as "Plaintiff"), as an individual, complains and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has personal jurisdiction over the Defendants because they are residents of and/or are doing business in the State of California.

2. Venue is proper in this county in accordance with Section 395(a) of the California *Code of Civil Procedure* because the Defendants, or some of them, reside in Los Angeles County, and the injuries alleged herein occurred in Los Angeles County. Venue is further appropriate in this county in accordance with Section 395(a) and Section 395.5 of the California *Code of Civil Procedure* because Defendants and Plaintiff contracted to perform their obligations in this County, the contract was entered into in this County, and because the liability, obligation and breach occurred within this County. Venue is further appropriate in this County in accordance with Section 12965(b) of the California *Government Code* because the unlawful practices alleged by Plaintiff in violation of the California Fair

1  Employment and Housing Act [Cal. *Gov't Code* §§ 12940, et sq.] were committed in this
2  County.

3                                    **PARTIES**

4          3.      Plaintiff is informed and believes, and thereon alleges, that Defendant
5  GIMBAL, INC. (hereinafter referred to as "Gimbal," and collectively referred to with
6  DOES 1-25 as "Defendants") is, and at all times mentioned herein, was a Delaware
7  corporation with its principal place of business in Los Angeles, California, and a business
8  entity qualified to and doing business in the State of California. Gimbal is, and at all
9  relevant times mentioned herein, was an "employer" within the meaning of the FEHA.

10         4.      The true names and capacities, whether corporate, associate, individual or
11 otherwise, of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff, who
12 therefore sues said Defendants by such fictitious names. Each of the Defendants designated
13 herein as a DOE is legally responsible in some manner for the events and happenings herein
14 referred to and caused injuries and damages proximately thereby to Plaintiff, as herein
15 alleged. Plaintiff will seek leave of Court to amend this Complaint to show their names and
16 capacities when the same have been ascertained.

17         5.      Plaintiff is informed and believes, and thereon alleges, that Defendants
18 Gimbal and DOES 1 through 25 ("Defendants") are a single employer, joint employers,
19 and/or form a highly integrated enterprise. Plaintiff is further informed and believes, and
20 thereon alleges, that Defendants were owned and/or controlled by the other Defendants.
21 Defendants each constitute an "employer" or "other entity covered by [FEHA]" as those
22 terms are defined by FEHA.

23         6.      At all times herein mentioned, DOES 26 through 50, and each of them, were
24 the agents, representatives, employees, successors and/or assigns of Defendant Gimbal
25 and/or DOES 1-25, and at all times pertinent hereto were acting within the course and scope
26 of their authority as such agents, representatives, employees, successors and/or assigns, and
27 acting on behalf of, under the authority of, and subject to the control of Defendants.

28         7.      Plaintiff TONI HANCOCK ("Plaintiff") was employed with Defendant

                                            3
                                      **COMPLAINT**

1   Gimbal and DOES 1-25 from December 10, 2018 until December 16, 2019. Plaintiff was, at

2   all relevant times mentioned herein, an "employee" within the meaning of the FEHA.

3                              **INTRODUCTION**

4        8.      Plaintiff Toni Hancock worked for one year at Defendant Gimbal Inc., a

5   digital advertising firm. Prior to that, she worked four years at UberMedia, which Gimbal

6   partially acquired in 2018. As a Client Strategist at Gimbal, Plaintiff worked with Fortune

7   500 companies such as Nike, Disney, and FedEx, and versed herself in the intricacies of

8   digital advertising and Gimbal's unique geographically-targeted advertising platform.

9        9.      On December 13, 2019, while Plaintiff was out on legally-protected

10  pregnancy leave, Gimbal posted two job openings for which Plaintiff was demonstrably

11  qualified: Account Manager and Media Planner.

12       10.     Three days later, Gimbal terminated Plaintiff, claiming a business slowdown

13  had caused her job to be eliminated. Defendants did not give her any notice of the newly-

14  posted job openings, nor did they take any effort to reinstate her to what would have been a

15  comparable position.

16       12.     Gimbal's actions constitute an explicit violation of the Pregnancy Disability

17  Leave Law ("PDLL"), which expressly provides that an employee on pregnancy leave is

18  "guaranteed a right to return to […] a comparable position…" and requires an employer to

19  give notice to the employee of available comparable positions. See, *Code Regs.* tit. 2, §

20  11043(c)(2)(B).

21       11.     Defendants' failure to reinstate Plaintiff to a comparable position was

22  substantially motivated by her pregnancy, gender, and need for legally-protected pregnancy

23  leave. Defendants' actions were further motivated by Plaintiff's sleep disorder, idiopathic

24  hyposomnia, which caused the Department of Motor Vehicles to revoke her driver's license

25  while she was pregnant and required Defendants to accommodate her in the form of a work-

26  from-home accommodation.

27  ///

28  ///

<b><u>FACTS COMMON TO ALL CAUSES OF ACTION</u></b>

**A. <u>Plaintiff's Employment with Gimbal</u>**

12.     Plaintiff is an experienced digital advertising specialist who, beginning in 2011, worked as an Account Manager at Microsoft and Pandora, as well as Ad Operations Manager for the entertainment news organization, The Wrap.

13.     From 2014 through 2018, Plaintiff worked as Senior Account Manager at UberMedia, which delivers dynamic advertising solutions for Fortune 500 companies. Some of Plaintiff's clients included Nike, Fidelity, United Airlines, Disney, and FedEx.

14.     On or about November 2, 2018, Defendant Gimbal purchased UberMedia's "managed media" accounts.

15.     Gimbal is a data-driven company that provides businesses with a geographically-targeted advertising platform.

16.     As part of the acquisition, Plaintiff's department at UberMedia was absorbed by Gimbal. As such, on or about December 13, 2018, Plaintiff became an employee of Gimbal.

17.     As part of her transition to Gimbal, Plaintiff received a sizeable pay raise and a lateral move to the position of Client Strategist. In her new role, Plaintiff was responsible for quantifying data to present to clients, working collaboratively with other departments, and selling clients on Gimbal's services.

18.     Plaintiff also enjoyed the benefits of Gimbal's liberal telecommuting policy. Indeed, Gimbal allowed her to work from home every Friday on a company-provided laptop.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**B. Gimbal's Policies on Pregnancy Leave**

19.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, as though set forth in full.

20.     At all relevant times during Plaintiff's employment, Gimbal's Employee Handbook outlined the following policies on pregnancy leave:

> **Upon submission of a medical certification that an employee is able to return to work from a pregnancy disability leave, an employee will be reinstated to her same position held at the time the leave began or, in certain instances, to a comparable position, if available.**

> **At the discretion of the manager, and subject to the People Team approval, additional accommodations may be granted in the form of telecommuting after the six weeks of paid leave.**

21.     By the time Plaintiff took her pregnancy leave, Gimbal provided nine weeks of paid pregnancy leave.

**C. Plaintiff Becomes Pregnant, Exacerbating Her Pre-Existing Disability and Causing Her Driver's License to Be Revoked; Plaintiff Requires a Work-From-Home Accommodation**

22.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18 and 20 through 21, as though set forth in full.

23.     In February 2019, Plaintiff found out she was pregnant and informed her supervisors at Gimbal, including her manager, Kourtney King.

24.     Unfortunately, Plaintiff's pregnancy exacerbated her pre-existing medical condition of idiopathic hypersomnia.

25.     Idiopathic hypersomnia causes excess fatigue and sleepiness throughout the day, and can, if not managed, pose a risk to the person afflicted by the condition, as well as others. According to the Mayo Clinic's description of the condition, "The need to sleep can strike at any time, including when you're driving a car or working, which makes idiopathic hypersomnia potentially dangerous."

26.     Gimbal had already been made aware of Plaintiff's medical condition, as she informed Manager Kourtney King, among others, immediately upon starting work with

1  Gimbal.

2      27.    On or about April 24, 2019, as the pregnancy progressed and Plaintiff's

3  hypersomnia symptoms worsened, Plaintiff's doctor ordered her to stop driving.

4      28.    Plaintiff immediately informed Gimbal's People Operations Manager Natalie

5  Newman. Newman granted Plaintiff a work-from-home accommodation so that she did not

6  need to drive the daily commute to and from her home in Pasadena and Gimbal's

7  Downtown Los Angeles office.

8      29.    Less than a week later, on April 30, 2019, the Department of Motor Vehicles

9  ("DMV") suspended Plaintiff's driver's license due to her medical condition. Plaintiff

10  immediately informed Gimbal.

11  **D. Despite the Accommodation "Working Well Thus Far," Gimbal Requires**

12  **Plaintiff to Uber to the Office Twice Per Week**

13      30.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20

14  through 21, and 23 through 29, as though set forth in full.

15      31.    On May 13, 2019, Plaintiff was evaluated in a sleep clinic. The treating

16  specialist ordered that Plaintiff continue to work from home.

17      32.    Later that day, Plaintiff provided Gimbal's People Operations Manager

18  Natalie Newman with a copy of the doctor's letter via email. The doctor's note stated: "At

19  this time we are requesting accommodations to her work schedule so that she can work from

20  her home, this will minimize the need for long distances driving."

21      33.    Newman advised Plaintiff that she would speak with Plaintiff's manager,

22  Kourtney King, and get back to her.

23      34.    The next day, May 14, 2019, Newman e-mailed Plaintiff informing her that,

24  although "the WFH [work from home] situation has been working well thus far," Plaintiff

25  would need to start taking an Uber to work twice a week, and work from home three days a

26  week.

27      35.    Plaintiff agreed to the arrangement and began taking Uber to work that same

28  week.

**E.  Plaintiff Is Terminated On the Heels of Her Pregnancy Leave**

36.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, and 31 through 35, as though set forth in full.

37.     On October 9, 2019, on the day she went into labor, Plaintiff began her pregnancy leave.

38.     On Monday, December 9, 2019, Plaintiff called Gimbal's People Operations Manager Natalie Newman and told her that she was ready to return to work, but that she still did not have clearance from her doctor or the DMV to drive. She asked that they continue the telecommuting accommodation until she received medical clearance. Newman said she would respond to Plaintiff later.

39.     Two days later, on Wednesday, December 11, 2019, at the expiration of Plaintiff's nine-week pregnancy leave, Newman e-mailed Plaintiff apologizing for the delay in response. Newman told Plaintiff to plan "being back in the office" on Monday, December 16, 2019.

40.     By this e-mail, instead of engaging in the good faith interactive process, Newman simply demanded that Plaintiff return to the office, and did not even acknowledge Plaintiff's request for accommodation.

41.     On Friday, December 13, 2019, Newman e-mailed Plaintiff and told her that, instead of coming into the office on Monday, to call into a conference call.

42.     On Monday morning, December 16, 2019, Plaintiff phoned into the conference call. Newman and Manager Kourtney King were on the other end. Plaintiff expected to discuss her accommodations and return to work. Instead, Newman and King informed her that she had been terminated, effectively immediately.

43.     Gimbal claimed that Plaintiff was terminated because a business slowdown had caused her job to be eliminated.

44.     Gimbal's decision to terminate Plaintiff without advance warning or further discussion was unreasonable and caused a breakdown in the interactive process. Gimbal was

required to engage in further discussion with Plaintiff before concluding that no reasonable accommodation was possible.

45.     On information and belief, Gimbal took into account Plaintiff's absence from work during her pregnancy leave as a negative factor in any performance assessment it relied upon in its decision to terminate Plaintiff.

**F. Gimbal Had Two Comparable Job Openings For Plaintiff at the Time She Was Terminated**

46.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, and 37 through 45, as though set forth in full.

47.     On or about December 13, 2019, three days before Plaintiff's termination, Gimbal posted two job openings to their website: Account Manager and Media Planner.

48.     Gimbal listed the qualifications for Account Manager as follows:

- 2-4 years of client-facing account management experience, preferably in a tech/data company

- Strong analytical skills in Excel

- Background in digital campaign management

- Experience driving business objectives, customer relationship management, customer satisfaction and revenue growth

- Working experience with Trello, Zendesk, Salesforce, or The Trade Desk preferred

49.     Plaintiff possessed all of these qualifications.

50.     Gimbal listed the qualifications for Media Planner as follows:

- 1-3 years of digital media experience, preferably with programmatic advertising

- Background at an ad agency, digital publisher, or adtech company

- Experience working with media plans across multiple vendors/clients and sellers, developing proposals that address the needs of our partners

- Strong experience in the Google Suite, PowerPoint, and Excel

- Understanding of agency landscape
- Saas or Social experience a plus

51.     Plaintiff possessed all of these qualifications.

52.     Despite the availability of these jobs, for which Plaintiff was clearly qualified, Defendants neither informed Plaintiff of these openings nor made any effort to reinstate her to these comparable positions.

53.     It was unreasonable for Gimbal to determine unilaterally that Plaintiff could not perform in either of these available positions without engaging further in the interactive process.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

54.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, 37 through 45, and 47 through 53, as though set forth in full.

55.     On December 2, 2020, Plaintiff timely filed a charge of discrimination with the Department of Fair Employment and Housing ("DFEH"). The DFEH issued a right-to-sue letter on this charge on December 2, 2020. A copy of the charge of discrimination and the notice of right-to-sue is attached hereto as **Exhibit A**.

## I.

## FIRST CAUSE OF ACTION

## SEX DISCRIMINATION (PREGNANCY)

## (Cal. *Gov't Code* § 12940(a))

## (Against Defendant GIMBAL and DOES 1-25)

56.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, and 55 as though set forth in full.

57.     FEHA expressly provides that it is an unlawful employment practice for an "employer or other entity covered by [FEHA]" to discharge or otherwise discriminate against a person because of the person's sex. *Gov't Code* § 12940(a).

58.     FEHA's definition of "sex" includes, but is not limited to, pregnancy or medical conditions related to pregnancy, and childbirth or medical conditions related to childbirth. *Gov't Code* § 12926(r)(1).

59.     Defendants Gimbal and DOES 1-25 discriminated against Plaintiff based on her pregnancy and/or childbirth and/or medical conditions related to her pregnancy and/or childbirth. Defendants subjected Plaintiff to discriminatory, adverse employment actions by denying her reasonable accommodations, refusing to engage in the good faith interactive process, refusing to reinstate her to her former position or a comparable position, and wrongfully terminating her.

60.     Defendants had an employment practice that had a disproportionate adverse effect on pregnant women, including Plaintiff.

61.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

62.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the injuries are reasonably certain to be permanent in character.

63.     As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the California *Government Code*.

64.     Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of

1   Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be

2   determined at trial.

3                                           **II.**

4                          **SECOND CAUSE OF ACTION**

5                          **GENDER DISCRIMINATION**

6                          **(Cal. *Gov't Code* § 12940(a))**

7                          **(Against Defendant GIMBAL and DOES 1-25)**

8           65.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20

9   through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, and 57 through

10  64 as though set forth in full.

11          66.     FEHA expressly provides that it is an unlawful employment practice for an

12  "employer or other entity covered by [FEHA]" to discharge or otherwise discriminate against

13  a person because of the person's gender. *Gov't Code* § 12940(a).

14          67.     Defendants Gimbal and DOES 1-25 discriminated against Plaintiff based on

15  her gender. Defendants subjected Plaintiff to discriminatory, adverse employment actions by

16  denying her reasonable accommodations, refusing to engage in the good faith interactive

17  process, refusing to reinstate her to her former position or a comparable position, and

18  wrongfully terminating her.

19          68.     Defendants had an employment practice that had a disproportionate adverse

20  effect on female employees, including Plaintiff.

21          69.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff

22  has been directly and legally caused to suffer actual damages including, but not limited to,

23  loss of earnings and future earning capacity, and other pecuniary loss not presently

24  ascertained.

25          70.     As a further direct and legal result of the acts and conduct of Defendants, and

26  each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer

27  emotional and mental distress. The exact nature and extent of said injuries is presently

28  unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of

1  said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the

2  injuries are reasonably certain to be permanent in character.

3    71.    As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is

4  entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the

5  California *Government Code.*

6    72.    Plaintiff is informed and believes, and thereon alleges, that the Defendants,

7  and each of them, by engaging in the aforementioned acts and/or in authorizing and/or

8  ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

9  conduct, and acted with willful and conscious disregard of the rights, welfare and safety of

10  Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be

11  determined at trial.

12  ### III.

13  ### THIRD CAUSE OF ACTION

14  ### ACTUAL AND/OR PERCEIVED DISABILITY DISCRIMINATION

15  ### (Cal. *Gov't Code* § 12940(a))

16  ### (Against Defendant GIMBAL and DOES 1-25)

17    73.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20

18  through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64,

19  and 66 through 72 as though set forth in full.

20    74.    FEHA expressly provides that it is an unlawful employment practice for an

21  "employer or other entity covered by [FEHA]" to discharge or otherwise discriminate against

22  a person because of the person's actual and/or perceived or medical condition. *Gov't Code* §

23  12940(a).

24    75.    At all relevant times mentioned herein, Plaintiff had, and was regarded by

25  Defendants as having, medical conditions and/or physical disabilities as those terms are

26  defined by FEHA.

27    76.    At all relevant times mentioned herein, Plaintiff had a record and/or history of

28  having medical conditions and/or physical disabilities as those terms are defined by FEHA.

77.   Defendants discriminated against Plaintiff based on her medical conditions and/or disabilities by denying her reasonable accommodations, refusing to engage in the good faith interactive process, refusing to reinstate her to her former position or a comparable position, and wrongfully terminating her.

78.   Defendants had an employment practice that had a disproportionate adverse effect on disabled employees, including Plaintiff.

79.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

80.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the injuries are reasonably certain to be permanent in character.

81.   As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the California *Government Code*.

82.   Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

///

///

///

IV.

**FOURTH CAUSE OF ACTION**

**FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT**

**DISCRIMINATION**

**(Cal. *Gov't Code* § 12940(k))**

**(Against Defendant GIMBAL and DOES 1-25)**

83.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64, 66 through 72, and 74 through 82 as though set forth in full.

84.    FEHA expressly provides that it is an unlawful employment practice "to fail to take all reasonable steps necessary to prevent discrimination […] from occurring." *Gov't Code* § 12940(k).

85.    By the aforesaid actions and omissions alleged herein, Defendants failed to take all reasonable steps necessary to prevent the discriminatory acts towards Plaintiff from occurring.

86.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

87.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the injuries are reasonably certain to be permanent in character.

88.    As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the California *Government Code*.

1  89.    Plaintiff is informed and believes, and thereon alleges, that the Defendants,

2  and each of them, by engaging in the aforementioned acts and/or in authorizing and/or

3  ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

4  conduct, and acted with willful and conscious disregard of the rights, welfare and safety of

5  Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be

6  determined at trial.

7  ## V.

8  ## FIFTH CAUSE OF ACTION

9  ## RETALIATION FOR REQUESTING A REASONABLE ACCOMMODATION

10  ### (Cal. *Gov't Code* § 12940(m)(2))

11  ### (Against Defendant GIMBAL and DOES 1-25)

12  90.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20

13  through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64,

14  66 through 72, 74 through 82, and 84 through 89 as though set forth in full.

15  91.    FEHA expressly provides that it is an unlawful employment practice "[f]or an

16  employer or other entity covered by [FEHA] to [...] retaliate or otherwise discriminate

17  against a person for requesting accommodation [...], regardless of whether the request was

18  granted." *Gov't Code* § 12940(m)(2).

19  92.    Plaintiff requested that Defendants provide her with a reasonable

20  accommodation for her medical conditions and/or physical disabilities.

21  93.    Defendants discriminated and retaliated against Plaintiff for requesting

22  accommodations, by denying her reasonable accommodations, refusing to engage in the good

23  faith interactive process, refusing to reinstate her to her former position or a comparable

24  position, and wrongfully terminating her.

25  94.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff

26  has been directly and legally caused to suffer actual damages including, but not limited to,

27  loss of earnings and future earning capacity, and other pecuniary loss not presently

28  ascertained.

95.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the injuries are reasonably certain to be permanent in character.

96.     As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the California *Government Code*.

97.     Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

# VI.

## SIXTH CAUSE OF ACTION

## FAILURE TO ACCOMMODATE

### (Cal. *Gov't Code* § 12940(m)(1), 12945(a))

### (Against Defendant GIMBAL and DOES 1-25)

98.     Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64, 66 through 72, 74 through 82, 84 through 89, and 91 through 97 as though set forth in full.

99.     FEHA expressly provides that it is an unlawful employment practice for an "employer or other entity covered by [FEHA] to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." *Gov't Code* § 12940(m)(1).

///

100.   FEHA also expressly provides that it is an unlawful employment practice "[f]or an employer to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the advice of the employee's health care provider." *Gov't Code* § 12945(a).

101.   At all relevant times mentioned herein, Plaintiff had, and was regarded by Defendants as having, medical conditions and/or physical disabilities as those terms are defined by FEHA, including, but not limited to, conditions related to pregnancy, childbirth, and/or a related medical condition.

102.   At all relevant times mentioned herein, Plaintiff had, and was regarded by Defendants as having, medical conditions and/or physical disabilities as those terms are defined by FEHA.

103.   At all relevant times mentioned herein, Plaintiff had a record and/or history of having medical conditions and/or physical disabilities as those terms are defined by FEHA.

104.   Plaintiff requested that Defendants provide her with a reasonable accommodation for her medical conditions and/or physical disabilities.

105.   Defendants failed to provide Plaintiff with a reasonable accommodation for her known medical conditions and/or physical disabilities.

106.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

107.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the injuries are reasonably certain to be permanent in character.

///

1    108.   As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is

2    entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the

3    California *Government Code*.

4    109.   Plaintiff is informed and believes, and thereon alleges, that the Defendants,

5    and each of them, by engaging in the aforementioned acts and/or in authorizing and/or

6    ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

7    conduct, and acted with willful and conscious disregard of the rights, welfare and safety of

8    Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be

9    determined at trial.

10   **VII.**

11   **SEVENTH CAUSE OF ACTION**

12   **FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS**

13   **(Cal. *Gov't Code* § 12940(n))**

14   **(Against Defendant GIMBAL and DOES 1-25)**

15   110.   Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20

16   through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64,

17   66 through 72, 74 through 82, 84 through 89, 91 through 97, and 99 through 109 as though

18   set forth in full.

19   111.   FEHA expressly provides that it is an unlawful employment practice for an

20   "employer or other entity covered by [FEHA] to fail to engage in a timely, good faith

21   interactive process with [an] employee […] to determine effective reasonable

22   accommodations, if any, in response to a request for reasonable accommodation by an

23   employee […] with a known physical or mental disability or a known medical condition."

24   *Gov't Code* § 12940(n).

25   112.   At all relevant times mentioned herein, Plaintiff had, and was regarded by

26   Defendants as having, medical conditions and/or physical disabilities as those terms are

27   defined by FEHA.

28   / / /

113.   At all relevant times mentioned herein, Plaintiff had a record and/or history of having medical conditions and/or physical disabilities as those terms are defined by FEHA.

114.   Plaintiff requested that Defendants provide her with a reasonable accommodation for her medical conditions and/or physical disabilities.

115.   Defendants failed to engage in a timely, good faith interactive process with Plaintiff to determine effective reasonable accommodations.

116.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

117.   As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress. The exact nature and extent of said injuries is presently unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the injuries are reasonably certain to be permanent in character.

118.   As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the California *Government Code*.

119.   Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

/ / /

/ / /

/ / /

# VIII.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE PREGNANCY DISABILITY LEAVE LAW (PDLL)

### (Cal. *Gov't Code* § 12945; Cal. *Code Regs.* tit. 2, § 11043)

### (Against Defendant GIMBAL and DOES 1-25)

120.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64, 66 through 72, 74 through 82, 84 through 89, 91 through 97, 99 through 109, and 111 through 119 as though set forth in full.

121.    Under FEHA, the Pregnancy Disability Leave Law (PDLL) expressly provides that it is an unlawful employment practice "[f]or an employer to refuse to allow an employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed four months and thereafter return to work […] Reasonable period of time means that period during which the employee is disabled on account of pregnancy, childbirth, or a related medical condition." *Gov't Code* § 12945(a)(1).

122.    PDLL also expressly provides that it is an unlawful employment practice "[f]or an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right under [the PDLL]." *Gov't Code* § 12945(a)(4).

123.    Plaintiff began her PDLL leave on October 9, 2019. On the date of her termination, December 16, 2019, Plaintiff had been on PDLL leave for little more than two months, and was still disabled on account of pregnancy, childbirth, and/or a related medical condition.

124.    Defendants were on notice as of December 16, 2019 that Plaintiff continued to be disabled on account of pregnancy, childbirth, and/or a related medical condition.

125.    As such, as of December 16, 2019, Defendants were required to provide Plaintiff with further PDLL leave, as Plaintiff had not yet exhausted the four months to which she was entitled.

///

126. Instead of granting Plaintiff PDLL leave, on December 16, 2019, Defendants wrongfully terminated her.

127. The PDLL also expressly provides: "An employee who exercises her right to take pregnancy disability leave is guaranteed a right to return to the same position, or […] to a comparable position, and the employer shall provide the guarantee in writing upon request of the employee. It is an unlawful employment practice for any employer, after granting a requested pregnancy disability leave or transfer, to refuse to honor its guarantee of reinstatement[.]" *Code Regs.* tit. 2, § 11043(a).

128. The PDLL also requires that an employer inform the employee of available comparable positions by means "reasonably calculated" to give her notice of the job openings. *Code Regs.* tit. 2, § 11043(c)(2)(B).

129. In its "Team Member Handbook", Defendants provided a written guarantee to Plaintiff that she would be returned to the same or a comparable position following her PDLL leave.

130. On December 13, 2019, three days before Plaintiff's termination, Defendants posted two job opening online for positions which were comparable to Plaintiff's job. Despite this, Defendants never gave notice to Plaintiff of the available, comparable positions.

131. Defendants did not return Plaintiff to the same position or a comparable position when they prematurely discontinued her PDLL leave. Instead, Defendants terminated Plaintiff.

132. By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, and other pecuniary loss not presently ascertained.

133. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress. The exact nature and extent of said injuries is presently

1   unknown to Plaintiff. Plaintiff does not know at this time the exact duration or permanence of

2   said injuries, but is informed and believes, and thereon alleges, that some, if not at all, of the

3   injuries are reasonably certain to be permanent in character.

4       134.   As a result of Defendants' acts and conduct, as alleged herein, Plaintiff is

5   entitled to reasonable attorneys' fees and costs of suit as provided in Section 12965(b) of the

6   California *Government Code.*

7       135.   Plaintiff is informed and believes, and thereon alleges, that the Defendants,

8   and each of them, by engaging in the aforementioned acts and/or in authorizing and/or

9   ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

10  conduct, and acted with willful and conscious disregard of the rights, welfare and safety of

11  Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be

12  determined at trial.

13  **IX.**

14  **NINTH CAUSE OF ACTION**

15  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

16  **(Against Defendant GIMBAL and DOES 1-25)**

17      136.   Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20

18  through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64,

19  66 through 72, 74 through 82, 84 through 89, 91 through 97, 99 through 109, 111 through

20  119, and 121 through 135 as though set forth in full.

21      137.   As set forth herein, Defendants, and each of them, wrongfully terminated

22  Plaintiff's employment in violation of various fundamental public policies of the United

23  States and the State of California. These fundamental public policies are embodied in, inter

24  alia, the following California and Federal statutes and codes: Sections 12940, et seq. and

25  12945 of the California *Government Code*; California *Code of Regulations* tit. 2, § 11043;

26  Article I, Sections 1, 2, and 8 of the California Constitution, and various other California and

27  federal statutes, regulations and codes.

28

138.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

139.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, humiliation, embarrassment, shock, discomfort, anxiety, and related symptoms. Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not all the injuries, are reasonably certain to be permanent in character.

140.    Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, fraudulent, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be ascertained at trial.

## X.

## TENTH CAUSE OF ACTION

### FAILURE TO TIMELY PRODUCE PERSONNEL FILE AND RECORDS

### (Cal. *Labor Code* §§ 432 and 1198.5)

### (Against Defendant GIMBAL)

141.    Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64, 66 through 72, 74 through 82, 84 through 89, 91 through 97, 99 through 109, 111 through 119, 121 through 135, and 137 through 140 as though set forth in full.

142.    California *Labor Code* Section 432 mandates that, upon demand by the employee, an employer shall furnish an employee with "any instrument relating to the obtaining or holding of employment" signed by employee.

143.   *Labor Code* Section 1198.5 requires that an employer who receives an employee's written request to inspect their personnel file and records shall comply with the request no later than 30 calendar days from the date of the request.

144.   State of California Department of Industrial Relations includes in its definition of "personnel file and records":

a.   Application for employment

b.   Payroll authorization form

c.   Notices of commendation, warning, discipline, and/or termination

d.   Notices of layoff, leave of absence, and vacation

e.   Notices of wage attachment or garnishment

f.   Education and training notices and records

g.   Performance appraisals/reviews

h.   Attendance records

145.   On December 18, 2019, Plaintiff, through her counsel, mailed a request to Gimbal for her personnel file and records. Pursuant to *Labor Code* § 1198, Gimbal was required to produce the requested documents no later than January 17, 2020 (30 days later).

146.   Gimbal never produced the requested personnel file and records.

147.   Failure by an employer to permit an employee to inspect or receive a copy of records within thirty (30) calendar days entitles the employee to recover a seven-hundred-fifty-dollar ($750) penalty from the employer, as well as costs and attorney's fees. See, *Labor Code* § 1998.5 (b)(1), (k) and (l).

## XI.

## ELEVENTH CAUSE OF ACTION

## FAILURE TO TIMELY PRODUCE WAGE STATEMENTS

### (Cal. *Labor Code* § 226)

### (Against Defendant GIMBAL)

148.   Plaintiff realleges and incorporates by reference paragraphs 1 through 18, 20 through 21, 23 through 29, 31 through 35, 37 through 45, 47 through 53, 55, 57 through 64,

66 through 72, 74 through 82, 84 through 89, 91 through 97, 99 through 109, 111 through 119, 121 through 135, 137 through 140, and 142 through 147 as though set forth in full.

149.    California *Labor Code* § 226(b) mandates that an employer shall afford current and former employees the right to inspect or receive a copy of the employee's itemized wage statements, upon reasonable request to the employer.

150.    *Labor Code* § 226(c) requires that an employer who receives an employee's written request to inspect their wage statements shall comply with the request no later than 21 calendar days from the date of the request.

151.    On December 18, 2019, Plaintiff, through her counsel, mailed a request to Gimbal for her wage statements. Pursuant to *Labor Code* § 1198, Gimbal was required to produce the requested documents no later than January 8, 2020 (21 days later).

152.    Gimbal never produced the requested wage statements.

153.    Failure by an employer to permit an employee to inspect or receive a copy of records within the time set forth in subdivision (c) (21 days) entitles the employee to recover a seven-hundred-fifty-dollar ($750) penalty from the employer, as well as costs and attorney's fees. See, *Labor Code* §§ 226(c), (f), and (g).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Toni Hancock prays for judgment against Defendants as follows:

1.   General damages in an amount to be proved at trial;

2.   Special damages in an amount to be proved at trial;

3.   Punitive damages;

4.   Reasonable attorneys' fees;

5.   Costs of suit;

6.   Interest;

7.   Penalties;

8.   For such other relief as the Court deems proper.

1

DATED: December 2, 2020

**IRMAS LAW APC**

2

3

By:

4

JARED M. IRMAS, ESQ.
Attorney for Plaintiff
TONI HANCOCK

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27
**COMPLAINT**

## DEMAND FOR TRIAL BY JURY

Plaintiff, TONI HANCOCK, hereby demands trial by jury as to all causes of action.

DATED: December 2, 2020

**IRMAS LAW APC**

By: _____

JARED M. IRMAS, ESQ.
Attorney for Plaintiff
TONI HANCOCK

**EXHIBIT A**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 2, 2020

Toni Hancock

,

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202012-11966602
Right to Sue: Hancock / Gimbal, Inc. et al.

Dear Toni Hancock:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 2, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Toni Hancock                                              DFEH No. 202012-11966602

                                    Complainant,

vs.

Gimbal, Inc.
360 E 2nd St UNIT 350
Los Angeles, California 90012

Kourtney King
,

PaeDae, Inc.
,

Natalie Newman
,

                                    Respondents

---

1. Respondent **Gimbal, Inc.** is an **employer Gimbal, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Kourtney King** as individual Co-Respondent(s).

Complainant is naming **PaeDae, Inc.** as individual Co-Respondent(s).

Complainant is naming **Natalie Newman** as individual Co-Respondent(s).

3. Complainant **Toni Hancock**, resides in the City of **,** State of **.**

4. Complainant alleges that on or about **December 16, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), other, pregnancy, childbirth, breast feeding, and/or related medical conditions, baby bonding leave (employers of 20 - 49

Date Filed: December 2, 2020

1  people) and as a result of the discrimination was terminated, laid off, denied hire or
promotion, denied any employment benefit or privilege, denied reasonable accommodation
2  for a disability, denied family care or medical leave (cfra) (employers of 50 or more people),
denied accommodation for pregnancy, other, denied work opportunities or assignments,
3  denied baby bonding leave (employers of 20-49 people).

4  **Complainant experienced retaliation** because complainant requested or used a
pregnancy-disability related accom., requested or used a disability-related accommodation,
5  requested or used baby bonding leave (employers of 20-49 people), requested or used
leave under the california family rights act or fmla (employers of 50 or more people) and as a
6  result was terminated, laid off, denied hire or promotion, denied any employment benefit or
privilege, denied reasonable accommodation for a disability, denied family care or medical
7  leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, other,
denied work opportunities or assignments, denied baby bonding leave (employers of 20-49
8  people).

9

10  **Additional Complaint Details:** 1.    Claimant Toni Hancock ("Claimant") is an experienced
digital advertising specialist who, beginning in 2011, worked as an Account Manager at
11  Microsoft and Pandora, as well as Ad Operations Manager for the entertainment news
organization, The Wrap.
12  2.      From 2014 through 2018, Claimant worked as Senior Account Manager at
UberMedia, which delivers dynamic advertising solutions for Fortune 500 companies. Some
13  of Claimant's clients included Nike, Fidelity, United Airlines, Disney, and FedEx.
14  3.      On or about November 2, 2018, Respondent Gimbal ("Gimbal") purchased
UberMedia's "managed media" accounts.
15  4.      Gimbal is a data-driven company that provides businesses with a geographically-
targeted advertising platform.
16  5.      As part of the acquisition, Claimant's department at UberMedia was absorbed by
Gimbal. As such, on or about December 13, 2018, Claimant became an employee of
17  Gimbal.
6.      As part of her transition to Gimbal, Claimant received a sizeable pay raise and a
18  lateral move to the position of Client Strategist. In her new role, Claimant was responsible
for quantifying data to present to clients, working collaboratively with other departments, and
19  selling clients on Gimbal's services.
7.      Claimant also enjoyed the benefits of Gimbal's liberal telecommuting policy. Indeed,
20  Gimbal allowed her to work from home every Friday on a company-provided laptop.
8.      At all relevant times during Claimant's employment, Gimbal's Employee Handbook
21  outlined the following policies on pregnancy leave: "Upon submission of a medical
certification that an employee is able to return to work from a pregnancy disability leave, an
22  employee will be reinstated to her same position held at the time the leave began or, in
certain instances, to a comparable position, if available. At the discretion of the manager,
23  and subject to the People Team approval, additional accommodations may be granted in the
form of telecommuting after the six weeks of paid leave."
24  9.      By the time Claimant took her pregnancy leave, Gimbal provided nine weeks of paid
25  pregnancy leave.

26

27

28  Date Filed: December 2, 2020

10.     In February 2019, Claimant found out she was pregnant and informed her supervisors at Gimbal, including her manager, Kourtney King.

11.     Unfortunately, Claimant's pregnancy exacerbated her pre-existing medical condition of idiopathic hypersomnia.

12.     Idiopathic hypersomnia causes excess fatigue and sleepiness throughout the day, and can, if not managed, pose a risk to the person afflicted by the condition, as well as others. According to the Mayo Clinic's description of the condition, "The need to sleep can strike at any time, including when you're driving a car or working, which makes idiopathic hypersomnia potentially dangerous."

13.     Gimbal had already been made aware of Claimant's medical condition, as she informed Manager Kourtney King, among others, immediately upon starting work with Gimbal.

14.     On or about April 24, 2019, as the pregnancy progressed and Claimant's hypersomnia symptoms worsened, Claimant's doctor ordered her to stop driving.

15.     Claimant immediately informed Gimbal's People Operations Manager Natalie Newman. Newman granted Claimant a work-from-home accommodation so that she did not need to drive the daily commute to and from her home in Pasadena and Gimbal's Downtown Los Angeles office.

16.     Less than a week later, on April 30, 2019, the Department of Motor Vehicles ("DMV") suspended Claimant's driver's license due to her medical condition. Claimant immediately informed Gimbal.

17.     On May 13, 2019, Claimant was evaluated in a sleep clinic. The treating specialist ordered that Claimant continue to work from home.

18.     Later that day, Claimant provided Newman with a copy of the doctor's letter via email. The doctor's note stated: "At this time we are requesting accommodations to her work schedule so that she can work from her home, this will minimize the need for long distances driving."

19.     Newman advised Claimant that she would speak with Claimant's manager, Kourtney King, and get back to her.

20.     The next day, May 14, 2019, Newman e-mailed Claimant informing her that, although "the WFH [work from home] situation has been working well thus far," Claimant would need to start taking an Uber to work twice a week, and work from home three days a week.

21.     Claimant agreed to the arrangement and began taking Uber to work that same week.

22.     On October 9, 2019, on the day she went into labor, Claimant began her pregnancy leave.

23.     On Monday, December 9, 2019, Claimant called Newman and told her that she was ready to return to work, but that she still did not have clearance from her doctor or the DMV to drive. She asked that they continue the telecommuting accommodation until she received medical clearance. Newman said she would respond to Claimant later.

24.     Two days later, on Wednesday, December 11, 2019, at the expiration of Claimant's nine-week pregnancy leave, Newman e-mailed Claimant apologizing for the delay in response. Newman told Claimant to plan "being back in the office" on Monday, December 16, 2019.

25.     By this e-mail, instead of engaging in the good faith interactive process, Newman simply demanded that Claimant return to the office, and did not even acknowledge Claimant's request for accommodation.

-3-
*Complaint – DFEH No. 202012-11966602*

Date Filed: December 2, 2020

26.     On Friday, December 13, 2019, Newman e-mailed Claimant and told her that, instead of coming into the office on Monday, to call into a conference call.

27.     On Monday morning, December 16, 2019, Claimant phoned into the conference call. Newman and Manager Kourtney King were on the other end. Claimant expected to discuss her accommodations and return to work. Instead, Newman and King informed her that she had been terminated, effectively immediately.

28.     Gimbal claimed that Claimant was terminated because a business slowdown had caused her job to be eliminated.

29.     However, on or about December 13, 2019, three days before Claimant's termination, Gimbal posted two job openings to their website: Account Manager and Media Planner.

30.     Despite the availability of these jobs, for which Claimant was clearly qualified, Respondents neither informed Claimant of these openings nor made any effort to reinstate her to these comparable positions.

-4-
*Complaint – DFEH No. 202012-11966602*

Date Filed: December 2, 2020

VERIFICATION

I, **Jared Irmas**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 2, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills, CA**

-5-

*Complaint – DFEH No. 202012-11966602*

Date Filed: December 2, 2020

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING       )
FOR CIVIL                           )
                                    )
                                    )
                                    )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

 a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

 b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

 a) The following documents shall not be filed electronically:

  i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

  ii) Bonds/Undertaking documents;

  iii) Trial and Evidentiary Hearing Exhibits

  iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

  v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

 b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)    Depositions;

      ii)   Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)   Transcripts (including excerpts within transcripts);

      v)    Points and Authorities;

      vi)   Citations; and

      vii)  Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

   g) Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)   Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)   Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                                    KEVIN C. BRAZILE

11                                                                            KEVIN C. BRAZILE

12                                                                            Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
| | | | | |
| TELEPHONE NO.:  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
| --- | --- |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department,

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

The following parties stipulate:

Date:

_____     ➢     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➢     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____     ➢     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____     ➢     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____     ➢     _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)<br>LASC Approved 04/11<br>For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      >_____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____      >_____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____      >_____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____      >_____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____      >_____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____      >_____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

_____      >_____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | | STATE BAR NUMBER: | | Reserved for Clerk's File Stamp |
| | | | | |
| TELEPHONE NO.: | FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | | |
| ATTORNEY FOR (Name): | | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   - **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
   - **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
     - Only MCLA provides mediation in person, by phone and by videoconference.

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
   - Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
     - Free, day- of- trial mediations at the courthouse. No appointment needed.
     - Free or low-cost mediations before the day of trial.
     - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
       http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

Los Angeles Superior Court ADR website: **http://www.lacourt.org/division/civil/CI0109.aspx**
For general information and videos about ADR, visit **http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>12/02/2020<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV46068 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Randolph M. Hammock | 47 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _12/03/2020_
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _N. Alvarez_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically Filed by Superior Court of California, County of Los Angeles on 12/03/2020 05:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Gregg,Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jared M. Irmas, Esq. (SBN 297246)<br>IRMAS LAW APC<br>21031 Ventura Blvd. Suite 1000<br>Woodland Hills, CA 91364<br>TELEPHONE NO: 818-441-4130      FAX NO. *(Optional):*<br>ATTORNEY FOR *(Name):* **Toni Hancock, Plaintiff** | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS   111 N. Hill Street.
MAILING ADDRESS   111 N. Hill Street
CITY AND ZIP CODE  Los Angeles, CA 90012
BRANCH NAME  Stanley Mosk Courthouse

CASE NAME:
  Toni Hancock v. Gimbal, Inc.; and DOES 1-50, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] **Unlimited**  [ ] **Limited**<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000) | [ ] Counter  [ ] Joiner<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV46068<br>JUDGE Hon. Randolph Hammock<br>DEPT  47 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence        court
                                                  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Eleven - FEHA (Pregnancy, Gender, Disability); Failure to Accommodate; Wrongful Termination
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 3, 2020
  Jared M. Irmas, Esq.
  (TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code. or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Hancock v. Gimbal, Inc. | CASE NUMBER 20STCV46068 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Hancock **v.** Gimbal, Inc. | 20STCV46068 |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hancock v. Gimbal, Inc. | 20STCV46068 |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE:<br>Hancock v. Gimbal, Inc. | CASE NUMBER<br>20STCV46068 |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1.  2.  ☑3  4.  5.  6.  7.  8.  9.  10.  11. | ADDRESS:<br>Gimbal, Inc.<br>360 E. 2nd Street, Unit 350 |
|---|---|

| CITY.<br>Los Angeles | STATE.<br>CA | ZIP CODE<br>90012 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: December 3, 2020

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2020 12:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:20-cv-11665-CAS-GJS    Document 1-8    Filed 12/28/20    Page 63 of 63    Page ID #:79

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GIMBAL, INC., a Delaware corporation; and DOES 1-50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONI HANCOCK, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>20STCV46068 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jared Irmas, Esq., Irmas Law APC, 21031 Ventura Blvd. Suite 1000, Woodland Hills, CA 91364; (818) 441-4130

| DATE:<br>*(Fecha)* 12/02/2020 | Sherri R. Carter Executive Officer/Clerk of Court *(Secretario)* | N. Alvarez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*



**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Gimbal, Inc., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |
|---|---|---|