# EXHIBIT B

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 12/23/2020 11:17 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk

Case 2:20-cv-11665-CAS-GJS   Document 1-4   Filed 12/28/20   Page 2 of 11   Page ID #:81

1  JOSHUA Z. FELDMAN, Bar No. 199207
   LITTLER MENDELSON, P.C.
2  2049 Century Park East
   5th Floor
3  Los Angeles, CA  90067.3107
   Telephone:   310.553.0308
4  Fax No.:     310.553.5583
   Email: jfeldman@littler.com
5

6  JENNY BURKE, Bar No. 240643
   LITTLER MENDELSON, P.C.
7  18565 Jamboree Road
   Suite 800
8  Irvine, CA  92612
   Telephone:   949.705.3000
9  Fax No.:     949.724.1201
   Email: jburke@littler.com
10

11 Attorneys for Defendant
   GIMBAL, INC.

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF LOS ANGELES

14

15 TONI HANCOCK, an individual,           | Case No.  20STCV46068

16              Plaintiff,                  ASSIGNED FOR ALL PURPOSES TO
                                            JUDGE RANDOLPH HAMMOCK DEPT. 47
17       v.
                                            **DEFENDANT GIMBAL, INC.'S ANSWER
18 GIMBAL, INC., a Delaware corporation;    TO PLAINTIFF TONI HANCOCK'S
   and DOES 1 through 50, inclusive,        COMPLAINT**
19
                Defendants.                 Complaint Filed: December 2, 2020
20                                          Trial Date: TBD

21       Defendant GIMBAL, INC. (hereinafter "GIMBAL" or "Defendant") hereby answers the

22 unverified Complaint filed by Plaintiff TONI HANCOCK ("Plaintiff") in the above referenced

23 action as follows:

24                              **GENERAL DENIAL**

25       Pursuant to the provisions of the *California Code of Civil Procedure* section 431.30(d),

26 Defendant denies generally and specifically each and every allegation contained in the

27 COMPLAINT.  In addition, Defendant denies Plaintiff has sustained, or will sustain, any loss or

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the COMPLAINT and without admitting or acknowledging that Defendant bears any burden of proof as to any affirmative defense, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT, and each and every alleged cause of action therein, fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Uncertain)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred in whole or in part because they are uncertain, ambiguous, and/or unintelligible.

### THIRD AFFIRMATIVE DEFENSE

**(Statutes of Limitation)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations, including, but not limited to, *California Code of Civil Procedure* sections 335.1, 340(a), and/or Sections 12960 and/or 12965 of the *California Government Code*.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies)**

As a separate and distinct affirmative defense, Defendant alleges that the COMPLAINT and each cause of action set forth therein, or some of them, are barred to the extent that Plaintiff failed to exhaust administrative remedies with the California Department of Fair Employment and Housing.

///

2.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

### (Claims Exceed Scope of Administrative Charges)

As a separate and distinct defense, Defendant alleges that the COMPLAINT and each claim set forth therein are barred, in whole or in part, because, assuming *arguendo* that Plaintiff did attempt to exhaust her administrative remedies with the DFEH, the claims asserted in the COMPLAINT exceed the scope of any potential charge(s) filed with the DFEH.

## SIXTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reason)

Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's COMPLAINT, that the COMPLAINT and each cause of action set forth therein are barred, in whole or in part, because any such acts or omissions were undertaken for legitimate, non-discriminatory, non-retaliatory and lawful business reasons and/or were taken for business necessity and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time it acted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the COMPLAINT and each cause of action set forth therein, or some of them, are barred by the equitable doctrines of unclean hands, estoppel, waiver, release, and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care to Prevent and Correct)

As a separate and distinct affirmative defense, and without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's COMPLAINT, Defendant alleges that Plaintiff's COMPLAINT, and each cause of action alleged therein, is barred, in whole or in part, because, at all relevant times, Defendant acted in good faith and took prompt and appropriate action in response to the workplace concerns of Plaintiff, if any, thereby satisfying any legal obligations Defendant had to

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

3.

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Plaintiff, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

As a separate and distinct affirmative defense, Defendant alleges that all or portions of Plaintiff's claims are barred by the doctrine of avoidable consequences because Defendant took reasonable steps to comply with the law, but Plaintiff unreasonably failed to follow her employer's policies and practices and failed to use the preventative and corrective opportunities provided to her, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiff allegedly suffered.

## TENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the COMPLAINT and each cause of action set forth therein are barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 3600 *et seq*.

## ELEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a separate and distinct affirmative defense to the COMPLAINT, Defendant is informed and believes that further investigation and discovery may reveal, and on that basis alleges, that to the extent that during the course of this litigation it acquires any evidence of additional wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or work assignment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claims on liability or damages or shall reduce such claims as provided by law.

///

///

4.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff failed to take reasonable actions to mitigate her damages, if any, and any recovery to which Plaintiff might be entitled must be reduced by reason of her failure to mitigate damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset/Set-Off)

As a separate and distinct affirmative defense, Defendant asserts that the COMPLAINT and each cause of action set forth therein, or some of them, are subject to the doctrines of set-off, offset and/or recoupment on the part of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition/Outside Factors)

As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered any emotional distress as alleged in Plaintiff's COMPLAINT, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Standing)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis allege, that Plaintiff does not have standing to recover from Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge)

As a separate and distinct affirmative defense, Defendant alleges that it had no knowledge of any alleged discriminatory, retaliatory or otherwise unlawful behavior by any of its employees, agents, representatives, or independent contractors.

5.

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Contributory and/or Comparative Fault)**

As a separate and distinct affirmative defense, Defendant alleges provisionally and conditionally that, if Plaintiff suffered any damages, such damages were proximately or legally caused by the negligence and/or misconduct of Plaintiff and/or parties other than Defendant, and, accordingly, any award of damages must be reduced in whole or in part, or apportioned in proportion to the percentage of comparative fault of Plaintiff and parties other than Defendant, including both economic and non-economic damages. In the event of such apportionment, Defendant is entitled to a separate judgment for non-economic damages in direct proportion to its percentage of fault, if any is found, notwithstanding Defendant's continuing denial of any fault, pursuant to California Civil Code 1431.2, with such percentage determined by the comparative fault of all parties and non-parties to this action, known or unknown.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Punitive Damages Unconstitutional)**

As a separate and distinct affirmative defense to the COMPLAINT, Plaintiff is not entitled to recover the civil penalties or punitive damages in her COMPLAINT as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of California, including Defendant's rights to: (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California; (2) protection for "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California; and (3) substantive due process provided in the Fifth and Fourteenth Amendments of the United States of America Constitution and the Constitution of the State of California

## NINETEENTH AFFIRMATIVE DEFENSE

**(Unreasonable/Bad Faith/Frivolous)**

As a separate and distinct defense, Defendant alleges that Plaintiff's claims against Defendant are unreasonable, and/or filed in bad faith and/or frivolous and, for that reason, justify an award of costs and sanctions against Plaintiff and her attorneys.

6.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Undue Hardship)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the COMPLAINT and each cause of action set forth therein are barred, in whole or in part, because to the extent that the Court may find that Plaintiff did or does have a disability that limits a major life activity and/or condition related to pregnancy, childbirth, or related medication condition and that Defendant had an obligation to reasonably accommodate such a disability, the accommodation sought by Plaintiff would impose an undue hardship on Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Business Necessity)

As a separate and distinct affirmative defense, Defendant alleges, without admitting that Defendant engaged in any of the acts or omissions alleged in Plaintiff's COMPLAINT, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Danger to Health and Safety)

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the COMPLAINT and each cause of action set forth therein are barred, in whole or in part, because to the extent that the Court may find that Plaintiff did or does have a disability that limits a major life activity and/or condition related to pregnancy, childbirth, or related medication condition and that Defendant had an obligation to reasonably accommodate such a disability and/or condition, Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's former position and/or to perform those duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

///

///

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

7.

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Bona Fide Occupational Qualification)**

As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the COMPLAINT and each cause of action set forth therein are barred, in whole or in part, because to the extent that the Court may find that Plaintiff does (or did) have a disability that limits a major life activity and/or condition related to pregnancy, childbirth, or related medication condition that Defendant had an obligation to reasonably accommodate such a disability or condition, Defendant's decision(s) was based upon a bona fide occupational qualification.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's COMPLAINT and each and every cause of action therein is barred, in whole or in part, because although Defendant denies having any unlawful motive towards Plaintiff, to the extent that Plaintiff suffered an adverse employment action motivated in part by discrimination and/or retaliation, all acts or omissions allegedly attributed to Defendant also were motivated by nondiscriminatory and/or non-retaliatory reasons and such nondiscriminatory and/or non-retaliatory reasons alone would have induced Defendant to make the same adverse employment decision(s). See *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 211, 241.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Impossibility of Performance)**

As a separate and distinct affirmative defense, Defendant alleges that some or all of the causes of action in the COMPLAINT, are barred, in whole or in part, by the doctrine of impossibility of performance.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Consent and/or Voluntary Participation)**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by Plaintiff's consent to and/or voluntary participation in all or some of

8.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

the acts alleged or conduct similar thereto.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation)

Defendant does not presently know all of the facts respecting the conduct of Plaintiff sufficient to allow it to state all affirmative defenses at this time. Defendant is informed and believes, however, that further investigation and discovery will reveal that it may have additional affirmative defenses available of which it is not fully aware at the present time. Defendant reserves the right to amend this Answer to assert said additional affirmative defenses should it later discover facts demonstrating the existence and applicability of same.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing by way of her Complaint in relation to Defendant;

2. That judgment be entered in favor of Defendant and against Plaintiff, directing that the Complaint be dismissed with prejudice;

3. That Defendant be awarded costs of suit and attorneys' fees incurred herein as allowed by law; and

4. For such further relief as the Court deems just and proper.


Dated:  December 23, 2020

JOSHUA Z. FELDMAN
JENNY BURKE
LITTLER MENDELSON, P.C.
Attorneys for Defendant GIMBAL, INC.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

9.

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

## STATE OF NEVADA, COUNTY OF CLARK

I am employed in the County of Clark, State of Nevada. I am over the age of 18 and not a party to the within action; my business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, NV 89169.

On December 23, 2020, I served the foregoing document(s) described as

**DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

on the interested parties in this action addressed as follows:

Jared Irmas, Esq.
Irmas Law APC
A Professional Corporation
21031 Ventura Boulevard, Suite 1000
Woodland Hills, CA 91364
Phone: (818) 441-4130
Email: jared@irmaslaw.com

*Attorneys for Plaintiff*

☒  BY ELECTRONIC SERVICE: I caused the above-entitled document to be served by e-mail addressed to all parties appearing as above-listed. A copy of the Receipt Page/Confirmation will be maintained with the original document in this office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 23, 2020, at Las Vegas, Nevada.

*/s/ Joanne Conti*
Joanne Conti

4824-2217-9028.1 095225.1000

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10.

DEFENDANT GIMBAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT